Defendant Terry L. Brickey has appealed from an order of the Medina County Court of Common Pleas which denied his request for judicial release. This Court affirms.
 I.
On January 20, 1981, Defendant was sentenced to a term of four to twenty-five years on one count of rape. Defendant filed a motion for shock probation on May 18, 1981. The trial court granted Defendant's request, and placed him on probation for three years.
On January 30, 1984, Defendant was indicted on nineteen counts: four counts of burglary; five counts of breaking and entering; nine counts of grand theft; and one count of receiving stolen property. On April 17, 1984, Defendant pled guilty to eighteen counts and the trial court sentenced him to a total prison term of eight to eighteen years.[1]
On April 18, 1984, the trial court reimposed Defendant's prison sentence of four to twenty-five years because his April 17, 1984 conviction violated his probation sentence. The trial court ordered Defendant to serve both sentences consecutively. On December 20, 1999, Defendant filed a motion for judicial release, which the trial court denied. Defendant timely appealed, asserting five assignments of error. For ease of discussion, this Court will consolidate Defendant's arguments.
 II. A.
In his first assignment of error, Defendant has insisted that the trial court erred when it denied his motion for judicial release, pursuant to R.C. 2929.20. Defendant has asserted that R.C. 2929.20, is applicable because the subsequent amendments render the statute retroactive. This Court disagrees.
R.C. 2929.20 was enacted as part of Am.Sub.S.B. No. 2 and became effective on July 1, 1996.[2] Under R.C. 2929.20, sentencing courts are permitted to reduce the sentences of eligible offenders through judicial release. The Ohio Supreme Court has already determined that Am.Sub.S.B. No. 2 is not retroactive and that its non-retroactive application is constitutional. State v. Rush (1998), 83 Ohio St.3d 53, paragraphs two and three of the syllabus. Because Defendant was convicted before July 1, 1996, R.C. 2929.20 does not apply. Therefore, the trial court was correct in denying Defendant's motion for judicial release. His first assignment of error is overruled.
 B.
Defendant's next argument challenges the constitutionality of his sentence in 1984. As a preliminary matter, Defendant has no standing to challenge the constitutionality of R.C. 2929.20 because his offenses were committed before the effective date of the statute. See State v.Hitchcock (Mar. 24, 1997), Knox App. No. 96-CA-34, unreported, 1997 Ohio App. LEXIS 1888, at *5. Therefore, his argument is without merit.
 C.
With regard to Defendant's remaining arguments, his motion should be construed as a petition for postconviction relief because he has asserted that the changes in the sentencing statutes are an unconstitutional bill of attainder, and that the scheduling of the parole board hearings are unconstitutional ex post facto laws.[3] See State v. Reynolds (1997),79 Ohio St.3d 158, syllabus. As a result, his petition is governed by the requisite time period under R.C. 2953.21, which sets forth the following requirements:
 A petition * * * shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
R.C. 2953.21(A)(2). Defendant was convicted and sentenced during 1981 and 1984. He filed this petition on December 20, 1999, clearly after his window for postconviction relief had closed. As a result, Defendant's petition was not timely and need not be addressed by this Court.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
BATCHELDER, P. J., SLABY, J., CONCUR
[1] The trial court dismissed the count for receiving stolen property.
[2] This Court notes that R.C. 2929.20 was also amended pursuant to Am.Sub.S.B. No. 269 and H.B. 151. The amendments do not apply to offenses committed prior to July 1, 1996.
[3] The sentencing statutes that Defendant refers to are the amendments to R.C. 2929.20 and R.C. 2929.11, which were not effective when Defendant was sentenced.